### EGAN v. UNITED STATES.
### No. 50031.

United States Court of Claims.

Dec. 2, 1952.

Rees B. Gillespie, Washington, D. C., for the plaintiff.

Wilson Myers, Washington, D. C., with whom was Holmes Baldridge, Asst. Atty. Gen., for the defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

PER CURIAM.

In this case the court held in an opinion dated October 7, 1952, 107 F.Supp. 564, that plaintiff was entitled to recover salary from the Veterans' Administration for the period November 26, 1946, to June 24, 1948, of the position as a contact representative in the Veterans' Administration Regional Office at Hartford, Connecticut, from which he was removed at the close of business on November 26, 1946.

Plaintiff has filed a motion for new trial asking that the first full paragraph of the opinion of the court in the case appearing on page 10 of the pamphlet opinion of October 7, 1952, be withdrawn and vacated. In said paragraph the court held that the disability compensation payments which plaintiff had received from the Veterans' Administration for the period involved on account of plaintiff's "psychoneurosis" disability, constituted a proper offset against the salary payments held to be due him from the Government.

Upon consideration of plaintiff's motion for a new trial the court is of the opinion the same should be granted.

Section 5 of the Act of March 20, 1933, 48 Stat. 8, 9, 38 U.S.C.A. § 705, provides as follows:

"All decisions rendered by the Administrator of Veterans' Affairs under the provisions of this title, or the regu-

lations issued pursuant thereto, shall be final and conclusive on all questions of law and fact, and no other official or court of the United States shall have jurisdiction to review by mandamus or otherwise any such decision."

Section 11 of the Act of October 17, 1940, 54 Stat. 1193, 1197, 38 U.S.C.A. § 11a–2, provides as follows:

"Notwithstanding any other provisions of law, except as provided in section 19 of the World War Veterans' Act, 1924, as amended, and in section 817 of the National Service Life Insurance Act of 1940, the decisions of the Administrator of Veterans' Affairs on any question of law or fact concerning a claim for benefits or payments under this or any other Act administered by the Veterans' Administration shall be final and conclusive and no other official or any court of the United States shall have power or jurisdiction to review any such decisions."

And Section 4 of the Act of June 9, 1930, 46 Stat. 529, 38 U.S.C.A. § 33, provides as follows:

"That there should be no recovery of pension payments from any beneficiary of the Bureau of Pensions [Veterans' Administration], who in the judgment of the Commissioner of Pensions [Administrator of Veterans' Affairs] is without fault and when, in the judgment of the Commissioner of Pensions [Administrator of Veterans' Affairs] such recovery would be contrary to equity and good conscience."

In view of the above quoted provisions of law, we think the question of whether the pension payments or disability compensation received by plaintiff during the period involved should or should not be offset against the salary payments due him for the period November 26, 1946, to June 24, 1948, is a matter for administrative settlement through consideration and decision by the Administrator of the Veterans' Administration. Accordingly, the next to the last paragraph of the opinion of the court of October 7, 1952, 107 F.Supp. 569, is vacated and withdrawn. Said paragraph of the opinion so vacated and withdrawn reads as follows:

"Plaintiff received no compensation from other employment during this period, and, accordingly, he may recover the full amount of salary due him for the period from November 26, 1946, to June 24, 1948. However, the Government may offset against this amount that portion of the pension payments received by plaintiff from the Veterans' Administration for his purported 'psychoneurosis' disability. Plaintiff's eligibility for this pension was predicated by the Veterans' Administration upon the same facts and circumstances as his discharge from the Marine Corps, and when these facts and circumstances were subsequently found to be erroneous and were corrected to show that plaintiff had never suffered from a mental disability, plaintiff's eligibility was destroyed. Hence, plaintiff may not now retain pension payments for a disability which never in fact existed."

The opinion and judgment of the court, awarding plaintiff judgment for salary on his first cause of action upon the filing of a computation by the General Accounting Office showing the amount due plaintiff, will stand.